670 A.2d 1052

IN THE MATTER OF STEVEN E. POLLAN,
AN ATTORNEY AT LAW.

February 9, 1996.

## ORDER

The Disciplinary Review Board on November 29, 1995, having filed with the Court its decision concluding that **STEVEN E. POLLAN** of **SOUTH ORANGE,** who was admitted to the bar of this State in 1970, should be suspended from the practice of law for a period of six months for misconduct in seven matters, which included violation of *RPC* 1.1(a) (gross negligence), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4 (failure to communicate with a client), *RPC* 1.16(d) (failure to deliver client's file), *RPC* 8.1(b) (failure to cooperate with ethics authorities), *RPC* 8.4(c) (conduct involving misrepresentation), and *RPC* 1.15 and *Rule* 1:21–6 (recordkeeping violations);

And the Disciplinary Review Board having further concluded that on reinstatement respondent should practice under the supervision of a practicing attorney for a period of one year; that respondent should provide proof of his psychiatric fitness to practice prior to reinstatement; and that respondent should per-

sonally pay any and all penalties and interest assessed by the New Jersey Division of Taxation in *IMO Estate of Meyer Scott* matter;

And good cause appearing;

It is ORDERED that **STEVEN E. POLLAN** is hereby suspended from the practice of law for a period of six months, effective March 1, 1996, and until the further Order of the Court; and it is further

ORDERED that on reinstatement respondent shall practice under the supervision of practicing attorney approved by the Office of Attorney Ethics for a period of one year and until further Order of this Court; and it is further

ORDERED that prior to reinstatement respondent shall demonstrate that he is fit to practice law; and it is further

ORDERED that prior to reinstatement respondent shall personally pay any and all penalties and interest assessed by the New Jersey Division of Taxation in *IMO Estate of Meyer Scott* matter; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.